# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 03-306 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S § 2255 PETITION** |
| SCOTT LEE HAYNES, | |
| Defendant. | |

Kimberly A. Svendsen, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Scott Lee Haynes, No. 16728-076, United States Penitentiary – Hazelton, Post Office Box 2000, Bruceton Mills, WV 26525, *pro se*.

On June 7, 2004, a jury found Scott Lee Haynes guilty of four federal crimes involving possession of a firearm and a stolen vehicle. After concluding that Haynes was a career offender under the United States Sentencing Guidelines, the Court sentenced Haynes to 360 months imprisonment. Haynes now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that it was unconstitutional for the Court, rather than a jury, to determine his status as a career offender. Specifically, Haynes contends that his constitutional rights under *Alleyne v. United States*, 133 S. Ct. 2151 (2013) – which held that any fact that increases a mandatory minimum sentence is an element of the crime that must be submitted to the jury – were violated because the Court failed to submit to the jury the issue of his prior convictions for purposes of

determining his career offender status. Because the Court concludes that Haynes' motion is untimely and the rule announced in *Alleyne* does not apply to Haynes' claim, the Court will deny Haynes' motion.

## BACKGROUND

### I. CONVICTION

On June 7, 2004, a jury found Scott Lee Haynes guilty of possession of an unregistered firearm, being a felon in possession of a firearm, possession of a stolen firearm, and possession of a stolen vehicle. (Verdict, June 7, 2014, Docket No. 59.) The convictions arose out of a series of crimes committed by Haynes in August 2003. During this series of incidents Haynes (1) broke into an Illinois house and stole, among other things, a semiautomatic shotgun; (2) stole a vehicle from a different home in Illinois; and (3) invaded a home in Minnesota – during which he kidnapped one of the home's occupants and stole money. (Presentence Investigation Report ("PSR") ¶¶ 5-7.) Haynes was arrested in Minnesota while driving the stolen vehicle, and police recovered a sawed-off shotgun from the car. (PSR ¶ 9.)

### II. SENTENCING

Prior to sentencing, a presentence investigation was conducted, and the PSR included calculations regarding the Guidelines range applicable to Haynes' convictions. The PSR found a base level offense of 26, which it recommended increasing by 2 levels because a sawed-off shotgun is a destructive device, U.S.S.G. § 2K2.1(b)(3), 2 levels because the firearm was stolen, U.S.S.G. § 2K2.1(b)(4), and 4 levels because the

defendant used the firearm in connection with the kidnapping, U.S.S.G. § 2K2.1(b)(5), yielding an adjusted offense level of 34.  (PSR ¶¶ 22-26.)

The PSR also concluded that Haynes was both an armed career criminal and a career offender based on his prior convictions.  (PSR ¶¶ 39-40.)  With respect to career offender status, the PSR explained

> The defendant is a career offender because he was at least 18 years old at the time he committed the instant offense; Counts 1, 2, and 4 are felonies that are considered crimes of violence; and the defendant has at least two prior felony convictions of crimes of violence.  § 4B1.1.  Specifically, on April 19, 1988, he was convicted of Residential Burglary, on September 20, 1988, he was convicted of Escape; and on January 14, 2000, he was convicted of Residential Burglary.  Pursuant to § 4B1.1(b)(A), the offense level is 37 because the statutory maximum on Count 2 is life.  Because the defendant did not receive an adjustment for acceptance of responsibility, the adjusted offense level is 37.

(PSR ¶ 39.)  Although the PSR also concluded that Haynes was an armed career criminal, that designation resulted in an offense level of only 34, and therefore the PSR recommended use of the career offender designation.  (PSR ¶ 40.)  Haynes' applicable guidelines range based on an offense level of 37 with a criminal history category of VI was 360 months to life imprisonment.  (PSR ¶ 86.)  Counsel for Haynes objected to the PSR's career offender and armed career criminal designations because they were based on facts which were "not decided by his jury."  (Addendum to PSR A.1.)

On October 25, 2004, the Court held a sentencing hearing.  (Minute Entry, Oct. 25, 2004, Docket No. 69.)  At the hearing, the Court adopted the recommendations of the PSR and determined that Haynes was both a career offender and an armed career criminal based on the nature of his offenses of conviction and his criminal history.  The Court

found the applicable offense level to be 37 which, with a criminal history category of VI, resulted in a Guidelines range of 360 months to life imprisonment. The Court imposed a sentence of 360 months. (Sentencing J. at 2, Oct. 29, 2004, Docket No. 72.)

Haynes appealed, arguing, among other things, that the Court "enhanced his sentence under the career offender guideline in violation of *Booker*." *United States v. Haynes*, 155 F. App'x 938, 939 (8th Cir. 2005). Specifically, Haynes argued that "a jury, rather than the district court, should have made the findings that Haynes's possession of a sawed-off shotgun and his earlier convictions for residential burglaries were crimes of violence." *Id.* But the Eighth Circuit explained that "[w]e have repeatedly rejected this argument . . . holding *Booker* does not apply to the judicial determination of whether an offense is a crime of violence." *Id.* The court noted that possession of a sawed-off shotgun and residential burglaries were both crimes of violence within Eighth Circuit jurisprudence and explained that "Haynes did not challenge the documentation regarding his earlier crimes, and the district court did not have to look beyond the fact of the convictions to determine they were crimes of violence." *Id.* at 940. Accordingly, the court affirmed his sentence. *Id.*

## III.   § 2255 PETITION

On June 23, 2014, Haynes brought a *pro se* § 2255 petition to vacate his sentence. (Pro Se Mot. to Vacate, June 23, 2014, Docket No. 86.) In his § 2255 petition, Haynes argues that pursuant to the Supreme Court's recent ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), his sentence was invalid because "use of a prior conviction to

- 4 -

increase a sentence constitutes an 'essential element' that **must** be found by a Jury beyond a reasonable doubt or Pled Guilty to at a Rule 11(c) hearing." (Pro Se Mem. in Supp. of Mot. to Vacate at 4-5, June 23, 2014, Docket No. 87 (emphasis in original); *see also* Pro Se Mot. to Vacate at 2, 5.)  Haynes asks the Court to toll the one-year statute of limitations applicable to § 2255 petitions on the basis that *Alleyne* is retroactively applicable to his sentence.  (Pro Se Mem. in Supp. of Mot. to Vacate at 6-7; Pro Se Mot. to Vacate at 12.)  Haynes also argues that his prior convictions cannot be used to enhance his sentence because he is actually innocent of the crimes underlying his prior convictions.  (Pro Se Mem. in Supp. of Mot. to Vacate at 10-11.)

## ANALYSIS

Section 2255 allows a federal prisoner a limited opportunity to seek postconviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "'Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.'"  *Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

I.      STATUTE OF LIMITATIONS AND EQUITABLE TOLLING

Section 2255(f) provides that a one-year period of limitation applies to the filing

of § 2255 petitions, which one-year period runs from the latest of the following:

> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Haynes' conviction became final on March 19, 2006 – ninety days after the

Eighth Circuit affirmed his conviction and his time period for filing a petition for writ of

certiorari to the United State Supreme Court expired.  *See Clay v. United States*, 537 U.S.

522, 532 (2003); (*see also* J. of USCA, Dec. 19, 2005, Docket No. 84).  Accordingly, to

be timely under subsection 1 of § 2255(f), Haynes would have had to file his § 2255

petition by March 19, 2007.

Because his June 23, 2014 petition plainly falls outside this deadline, Haynes

argues that his petition is timely under the third subsection of § 2255(f).  Specifically,

Haynes argues the Supreme Court's decision in *Alleyne v. United States*, issued on

June 17, 2013, recognized a new right to have the fact of prior convictions, and their

status as crimes of violence, determined by a jury, and that *Alleyne* applies retroactively

- 6 -

to cases on collateral review.[1]  But all of the Circuit Courts of Appeals to address the question have determined that *Alleyne* does not apply retroactively to cases on collateral review.  *See Jeanty v. Warden, FCI-Miami*, --- F.3d ---, 2014 WL 3673382, at *2 (11th Cir. July 22, 2014); *In re Mazzio*, --- F.3d ---, 2014 WL 2853722, at *3 (6th Cir. June 24, 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *United States v. Redd*, 735 F.3d 88, 92 (2d Cir. 2013); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir. 2013); *see also United States v. Popa*, Crim. No. 07-210, 2013 WL 5771149, at *2 (D. Minn. Oct. 24, 2013).  In light of this authority, the Court concludes that *Alleyne* does not apply retroactively to Haynes' sentence.[2]  Therefore § 2255(f)(3) is inapplicable, and Haynes' § 2255 petition is untimely under the statute, because it was not filed within a year after his conviction became final.

---

[1] The Court notes that Haynes' petition was not filed until June 23, 2014, which is more than one year after the Supreme Court issued its opinion in *Alleyne* on June 17, 2014.  Despite this discrepancy of several days, the Court has considered whether *Alleyne* would otherwise allow Haynes to avoid the one-year limitation period that ran from the time his conviction became final.

[2] Haynes also references the limitations period in 28 U.S.C. § 2255(f)(4) which provides that the one-year limitation for filing a § 2255 petition begins to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  Specifically, Haynes argues that the Supreme Court's issuance of *Alleyne* is such a fact.  But the Eighth Circuit has rejected the argument that the limitations period in § 2255(f)(4) applies to newly discovered case law rather than newly discovered facts.  *See E.J.R.E. v. United States*, 453 F.3d 1094, 1097-98 (8th Cir. 2006) (holding that a federal court of appeals decision did not qualify as a new fact under § 2255(f)(4)); *see also Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013) (explaining that § 2255(f)(4) is directed at the discovery of new facts, not newly-discovered law").

Because the Court has concluded that *Alleyne* does not apply retroactively to Haynes' conviction and sentence, it need not address Haynes' argument that equitable tolling applies, because even if the Court equitably tolled the time limit, Haynes could not take advantage of the rule announced in *Alleyne* in this collateral proceeding. *See Hodge v. United States*, 602 F.3d 935, 938 n.2 (8th Cir. 2010) ("Because we reject Hodge's argument that *Gall* applies retroactively, we will not address his argument that equitable tolling and the interests of justice provide grounds for Hodge to raise his untimely *Gall* claim."); *see also Moreno v. United States*, Civ. Nos. 13-8069, 13-8705, Crim. No. 94-165, 2014 WL 2038419, at *3 n.1 (S.D.N.Y. May 15, 2014) ("Petitioners may also be attempting to argue that they are entitled to equitable tolling of the one-year period of limitation under AEDPA.  Because *Alleyne* is the only basis for relief presented in their petitions and, as the Court has explained, *Alleyne* is not retroactively applicable on collateral review, equitable tolling would not save the petitions.").

Finally, with respect to the timeliness of his petition, Haynes appears to argue that he is actually innocent of the prior convictions that served as the basis for his career offender status at sentencing.   (Pro Se Mem. in Supp. of Mot. to Vacate at 10-11.) "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).  "[F]or the actual innocence exception to apply in the noncapital sentencing context, a movant must show that he is factually innocent of the conduct or underlying crime that serves as the

predicate for the enhanced sentence." *McKay v. United States*, 657 F.3d 1190, 1198-99 (11th Cir. 2011) (emphasis omitted).

Here, however, Haynes has made no argument in his § 2255 petition that he is factually innocent of the convictions that resulted in his designation as a career offender. Specifically, Haynes has made no argument that he did not commit residential burglaries in 1988 and 2000.  Nor does Haynes present evidence that he is factually innocent of his conviction for possession of a sawed-off shotgun.  Instead, Haynes' only argument is that legally, these crimes do not constitute crimes of violence for purposes of career offender status absent a finding by a jury to that effect.  Because this argument does not establish Haynes' factual innocence, the Court concludes that Haynes cannot bypass the statute of limitations.  *See Monroe v. United States*, Civ. No. 13-2546, Crim. No. 02-126, 2013 WL 6199955, at *4 (N.D. Tex. Nov. 26, 2013) ("Petitioner does not suggest, much less offer any evidence, that he did not actually commit the state burglary offenses in question. Therefore, Petitioner cannot claim that he is factually innocent of the predicate offense used to enhance his sentence under the ACCA." (citation omitted)).

## II.    APPLICATION OF *ALLEYNE*

Even if Haynes' petition was timely, the Court concludes that *Alleyne* does not entitle Haynes to the relief he requests.  In *Alleyne* the Supreme Court held "that any fact that increases the mandatory minimum is an 'element' [of the crime] that must be submitted to the jury."  133 S. Ct. at 2155.  But in *Alleyne* the Court explicitly declined to address the holding of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) which

- 9 -

recognized "a narrow exception" to the general rule that "any 'facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime" for the fact of a prior conviction.  *Alleyne*, 133 S. Ct. 2160 & n.1 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).  The Eighth Circuit has explained that "the Court in *Alleyne* left intact the rule that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury." *United States v. Abrahamson*, 731 F.3d 751, 752 (8th Cir. 2013).  Accordingly, contrary to Haynes' contention, prior convictions continue, under existing Supreme Court law, to be facts that need not be submitted to a jury.  Because, even if *Alleyne* applied retroactively to Haynes' sentence and conviction, it would not provide him the relief he seeks, the Court will deny Haynes' § 2255 petition.[3]

## III.   CERTIFICATE OF APPEALBILITY

A court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000).  To make such a showing, the issues must be "debatable among reasonable jurists," a court must be able to "resolve

---

[3] The Court also concludes that it need not hold an evidentiary hearing on this matter because the Court finds that, accepting Haynes' allegations as true, "the motion and the files and records of the case conclusively show that [Haynes] is entitled to no relief." 28 U.S.C. § 2255(b); *see also Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012) ("A petitioner's allegations must be accepted as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief.").

the issues differently," or the case must "deserve further proceedings." *See Flieger v. Delo*, 16 F.3d 878, 882-82 (8th Cir. 1994).  The Court finds no reason to believe that reasonable jurists would find the rejection of Haynes' claims to be debatable or incorrect, and therefore declines to grant a certificate of appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Defendant's Pro Se Motion to Vacate Under 28 U.S.C. § 2255 [Docket No. 86] is **DENIED**.

2.    The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in Defendant's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  October 14, 2014                        s/ *John H. Tunheim*
at Minneapolis, Minnesota.                           JOHN R. TUNHEIM
                                                United States District Judge